O

# AMENDED

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW NOEL TUMAMBING,<br>And KELLIE DIAN TUMAMBING<br><br>Defendants. | Case № 2:19-cr-00375-ODW-1,2<br><br>**ORDER GRANTING IN PART GOVERNMENT'S EX PARTE APPLICATION FOR SUPPLEMENTAL FINDINGS FOR CONTINUANCE OF TRIAL DATE AND FINDINGS OF EXCLUDBLE TIME PERIODS UNDER SPEEDY TRIAL ACT** |

 Defendants are charged with bank fraud in violation of 18 U.S.C 1344(2).  The Indictment was filed approximately a year ago.  Since that time the entire world has been fighting a deadly pandemic which has altered life across the globe.  This most certainly includes the courts.  We are currently under a national and California state of emergency.  The Governor has cautioned against gatherings of 10 or more persons in an effort to reduce the rate of infection.  In response, the courts have suspended some operations, most noticeably jury trials and grand jury empaneling.  While many states have "reopened" as have many counties in California, the rate of infections in Los

Angeles County continues seemingly unabated. Bureau of Prisons facilities are not immune from the effects of the COVID-19 spread. Because they are not suited for social distancing without widespread restrictions on inmate movement, they, like nursing homes have been especially hard hit. Several times a week the court receives requests from incarcerated persons seeking release due to their concerns about contracting the virus.[1]

On June 8, 2020 the Court entered a sua sponte order continuing the trial in this matter to March 2, 2021. That Order set forth the reason the Court has concluded that "interest of justice" considerations warranted excluding the time from July 21, 2020 to March 2, 2021 under 18 U.S.C. 3161(h)(7)(A). The government has now moved ex parte to supplement that Order with a fuller recitation of the emergency conditions which made the Order necessary. It appears Defendants have construed the government's motion as one to continue the trial to March 2021. That is not the case. The Court has already ordered the continuance. The government merely seeks to provide a more complete picture of the current situation and the incremental steps which have made the lengthy continuance unavoidable.

Though the issue of the trial continuance has already been decided it appears Defendants are using this as an opportunity to voice opposition to the court's June 8, 2020 Order. That opposition is essentially based on a presentation Chief Judge Carney made during an FBA webinar during which he may have indicated that jury trials could resume in the Central District of California in July. That may be more aspirational than practical. The seating in the jury assembly room has been reconfigured to accommodate approx. 49 prospective jurors while maintaining social distancing. Even in the best of times, that is an insufficient number of people to empanel a criminal jury. In today's climate, with the school closures creating child-care issues for many families, the fact that many people have been without an income

---

[1] Which makes the opposition to the motion to continue the trial all the more curious. One facing incarceration would logically seek to postpone that event until such time as the spread of the virus, particularly in the prison system, is contained.

1  since March and will reasonably claim that jury
2  service will exacerbate their already difficult
3  financial conditions.  In addition, retirees may
4  feel especially vulnerable to being exposed to
5  groups of people in a public building.  All of
6  these things will make seating a jury difficult
7  and uncertain.



8        The Court is mindful of the fact that there
9  is a sense of impatience in some to have life
10 return to the way it was a few months ago.
11 However, that impatience must be tempered
12 with a realistic appreciation of the real dangers
13 involved in attempting to do so prematurely.
14 The fact of the matter is California has at no
15 time met the benchmarks established by the CDC to warrant reopening, i.e. a zero or
16 near zero rate of new cases for a 14 day period.  Moreover, given the steady rise in
17 cases, there is no indication that the infection curve will have flattened out by the end
18 of July.
19       The Los Angeles County Department of Health COVID-19 Dashboard
20 continues to show a steep rise in the number of cases reported.  That does not bode
21 well for resuming jury trials in a month.  While optimism may be beneficial from a
22 mental health standpoint, that optimism must be tempered by caution.  The courts do
23 not operate on wishful thinking.  Our decisions are based on fact.  Empirical evidence.
24 The evidence currently demonstrates that Los Angeles County remains in the deadly
25 grip of this pandemic.  Until there is a noticeable change for the better, this court will
26 not attempt to resume conducting jury trials.
27       In the Court's view, it is unrealistic and impractical to consider resumption of
28 jury trials while the social distancing mandate is still in effect.  The Court therefore

remains of the view that the "ends of justice" require that we continue the hiatus on jury trials.  While admittedly the selection of any date in the future is somewhat arbitrary, that cannot be helped.  The final decision regarding bringing large groups of people into the court must necessarily depend on updated medical data.  For now, the Court continues the **trial to March 2, 2021 at 9:00 a.m.**   That date may be revisited periodically as conditions evolve.  The government's motion to supplement the Court's findings in support of the trial continuance is granted.  By separate order, those supplemental findings are deemed incorporated into the June 8, 2020 Order nunc pro tunc.

      SEE ORDER FILED CONTEMPORANEOUSLY

DATED:  June 17, 2020

*[signature: Otis D. Wright]*

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**